IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRELL PRINCE,                      )
                                     )
     Petitioner,                    )
                                     )
v.                                   )          CASE NO. 2:25-CV-502-MHT-SMD
                                     )
PAMELA HARRIS, WARDEN,               )
                                     )
     Respondent.                    )

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a state inmate proceeding *pro se*, has filed a petition for writ of habeas

corpus under 28 U.S.C. § 2241. Doc. 1. On April 6, 2026, the Court ordered Petitioner to

pay the required filing fee or file a motion to proceed *in forma pauperis* by April 27, 2026,

and warned that a failure to comply would result in dismissal without further notice. Doc.

4. To date, Petitioner has failed to pay the required filing fee or file an application to

proceed *in forma pauperis*.

Because Petitioner has failed to comply, this case is due to be dismissed without

prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is not

an abuse of discretion.") (citations omitted). The authority of courts to impose sanctions

for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b)

of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30

(1962). This authority "is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further

empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31.

In this instance, because Petitioner failed to comply despite the Court's clear admonition and because this case cannot proceed without payment of the required filing fee or an order granting Petitioner *in forma pauperis* status, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, by **July 13, 2026,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

2

DONE this 29th day of June, 2026.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE